UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CLAUDIA YUDITH SANCHEZ,**

   Petitioner,

v.                                          No. 4:21-cv-0984-P

**JORGE RIOS IDUARTE,**

   Respondent.

## MEMORANDUM OPINION & ORDER

On January 14, 2022, the Court held a bench-trial in the above-styled case. The Court, having considered the pleadings, evidence, record, arguments of counsel, and applicable authorities, concludes that the Petition for Return of Child (ECF No. 2) will be **GRANTED** and Respondent's Motion to Dismiss (ECF No. 24) will be **DENIED.**

The Court has jurisdiction over the Parties and the claims asserted under the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"). *See* 22 U.S.C. § 9003.

Under the Hague Convention, a child wrongfully removed from her country of "habitual residence" ordinarily must be returned to that country. *Monasky v. Taglieri*, 140 S. Ct. 719, 722–23 (2020). The determination of a child's habitual residence presents a "'mixed question' of law and fact—albeit barely so." *Id.* at 730. The Supreme Court has recently described the legal standard as a totality-of-the-circumstances test. *Id.* The factual issue is whether the child was at home in the country at issue at the time of removal. *Id.*; *Harm v. Lake-Harm*, 16 F.4th 450, 454–55 (5th Cir. 2021).

Having considered the testimony and exhibits admitted at bench trial, the Court adopts the findings of fact contained in Petitioner's proposed findings of fact and conclusions of law filed January 6, 2022. ECF No. 27 ¶¶ 1–32. In sum, the Court concludes that the place of the child's habitual residence is Ciudad Acuna, Coahuila, Mexico, and that Respondent improperly removed the child from her place of habitual

residence and refused to return her. The Court finds that Petitioner's testimony at trial was credible and that Respondent's was not.

The Court recognizes "that the determination of habitual residence does not turn on the existence of an actual agreement" between the parents on where to raise their child. *Monasky*, 140 S. Ct. at 726. Instead, determining a child's habitual residence is a fact-driven inquiry, and courts must be "sensitive to the unique circumstances of the case and informed by common sense." *Id.* at 727 (quoting *Redmond v. Redmond*, 724 F.3d 729, 744 (7th Cir. 2013)). In context of the facts established at the bench trial by testimony and evidence, however, the existence of such an agreement is probative to the Court's analysis. *See id.* at 726.

The Court concludes that the Parties understood the child would be establishing a new place of habitual residence when she left the United States with her mother to reside in Mexico. They intended that Respondent would periodically visit the child in Mexico and that the child would periodically visit Respondent in Texas. Respondent thus violated Petitioner's rights of custody under Mexican law by wrongfully retaining the child in Texas. Petitioner was exercising (or would have exercised) those rights at when the child was removed from Mexico.

Petitioner filed this action within one year following the wrongful removal of the child from her habitual residence. Respondent has not proven by clear and convincing evidence that one of the exceptions set forth in Articles 13(b) or 20 of the Hague Convention applies. Nor has Respondent shown by a preponderance of the evidence that Petitioner consented or acquiesced to the removal and retention of the child.

Thus, after holding a bench trial and undertaking an intense, fact-driven inquiry into the unique factual circumstances of this case, the Court concludes that the habitual residence of the child in this case is Ciudad Acuna, Coahuila, Mexico. *See Monasky*, 140 S. Ct. at 726–27; *see also* ECF No. 27 ¶¶ 1–32.

## ORDER

Accordingly, the Court **GRANTS** the Petition for Return of Child (ECF No. 2) and **DENIES** the Motion to Dismiss (ECF No. 24). The Court thus **ORDERS** that Respondent must take all appropriate and

necessary steps to ensure that the child, who is the subject of this action, is returned to Petitioner **within 21 days** of the date of this Order.

**SO ORDERED** on this **15th day** of **February, 2022.**

*[Signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE