UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CLAUDIA YUDITH SANCHEZ,**

   Petitioner,

v.                                     No. 4:21-cv-0984-P

**JORGE RIOS IDUARTE,**

   Respondent.

## MEMORANDUM OPINION & ORDER

Before the Court is Petitioner's Motion for Costs, Fees, and Expenses and Respondent's Objection and Response ("Motion"). ECF Nos. 38, 41. For the following reasons, the Court **DENIES** Petitioner's Motion.

## FACTUAL & PROCEDURAL BACKGROUND

After a bench trial of this case brought under The Convention on the Civil Aspects of International Child Abduction ("the Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), *see* 22 U.S.C. §§ 9001–9007, this court concluded that Respondent improperly removed his and Petitioner's minor daughter from her habitual residence in Mexico and refused to return her to Petitioner, violating Petitioner's custody rights under Mexican law. ECF No. 36 at 1–2.

Forty-two days after this Court issued its Memorandum Opinion and Order and Judgment on the merits (ECF Nos. 36–37), Petitioner moved for costs, attorney's fees, and expenses under ICARA. *See id.* § 9007(b)(3).

## LEGAL STANDARD

Under ICARA,

> [a]ny court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, . . . and transportation costs related to the return of the child, unless the respondent establishes that such order

    would be clearly inappropriate.

22 U.S.C. § 9007(b)(3).

    As the Fifth Circuit has explained,

> [T]he Hague Convention provides the judiciary with the discretionary authority to direct an award of fees and costs upon ordering the return of the child. . . . ICARA goes beyond the discretion bestowed by the Hague Convention and includes a mandatory obligation to impose necessary expenses, unless the respondent establishes that to do so would be clearly inappropriate. This reflects an affirmative intention on the part of Congress to impose fees in favor of the petitioner and against the respondent in return actions filed under this statute. Accordingly, the prevailing petitioner is presumptively entitled to necessary costs and the statute shifts the burden of proof onto a losing respondent to show why an award of necessary expenses would be 'clearly inappropriate.'

*Salazar v. Maimon*, 750 F.3d 514, 519–20 (5th Cir. 2014) (quoting 42 U.S.C. § 9007(b)(3)).

    Despite ICARA's mandatory language regarding awards of court costs and legal fees, federal and local procedural rules still apply in many jurisdictions. Thus, when a party files a motion for costs and attorney's fees under ICARA so late that it violates such a procedural rule, a district court may properly disallow the award. *See, e.g.*, *Pesin v. Rodriguez*, 244 F.3d 1250, 1253 (11th Cir. 2001) (affirming district court's denial of attorney's fees and costs under ICARA when petitioner filed his motion too late under the local rule); *Hart v. Anderson*, No. GJH-19-2601, 2021 WL 2826774, at *6 n.5 (D. Md. July 7, 2021) (buttressing denial of petitioner's motion for attorney's fees and costs with the untimeliness of the motion's filing under the local rule and Federal Rule of Civil Procedure 54(d)(2)) (citing *Quarles v. Oxford Mun. Separate Sch. Dist.*, 868 F.2d 750, 758 (5th Cir.1989)); *Silverman v. Silverman*, No. CIV.00-2274 JRT, 2004 WL 2066778, at *3 (D. Minn. Aug. 26, 2004) (finding that the petitioner's request for legal fees and

costs under ICARA was "just barely timely" under the local rule) (citing same).

Like the courts in *Pesin*, *Hart*, and *Silverman*, the Northern District of Texas has indicated a willingness to deny fees and costs under ICARA when the motion seeking them is filed too late to comply with a procedural rule. *See Guaragno v. Guaragno*, No.7:09-CV-187-0, 2011 WL 108946, at *3 & n.1 (N.D. Tex. Jan. 11, 2011) (O'Connor, J.) (finding the motion timely). In *Guaragno*, Judge O'Connor explained that in ICARA cases in this district, courts assess the lateness of a motion based on Rule 54(d):

> Other Hague cases calculate the timeliness of motions for attorney's fees and costs based on local rules governing attorney's fees. Because the Northern District of Texas does not have a local rule governing motions for attorney's fees, the Court bases its calculation of timeliness on Federal Rule of Civil Procedure 54(d).

*Id.* at n.1. Consequently, a petitioner who prevails on the merits in an ICARA case in this District "must apply for an award of attorney's fees within 14 days after the judgment is entered." *Id.* at *3; *cf. Quintero v. De Loera Barba*, No. CV 5:19-148, 2019 WL 1386556, at *6 (W.D. Tex. Mar. 27, 2019) (allowing the petitioner to "submit a *timely* application for 'court costs, legal fees, . . . and transportation costs related to the return of the child'") (emphasis added) (quoting § 9007(b)(3)).

## ANALYSIS

Respondent contends that Petitioner's Motion should be denied because it is untimely.[1] The Court agrees.

The Court issued its Memorandum Opinion and Order granting Petitioner's Petition for Return of Child on February 15, 2022. ECF No. 36. Petitioner's Motion was therefore due by March 1, 2022. *See* Fed. R. Civ. P. 54(d); *Guaragno*, 2011 WL 108946, at *3. However, Petitioner did not file the Motion until March 29, 2022. ECF No. 38. Accordingly, the Motion was filed untimely. *See* Fed. R. Civ. P. 54(d); *Guaragno*, 2011 WL

---

[1] We deny the Motion on this procedural ground; we therefore do not address Respondent's grounds for denying the Motion on its merits.

3

108946, at *3.

## CONCLUSION

Because the Motion was filed too late under Federal Rule of Civil Procedure 54(d), it is **DENIED**.

**SO ORDERED** on this **16th day** of **May, 2022**.

---

**MARK T. PITTMAN**
**UNITED STATES DISTRICT JUDGE**